UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JHERRIT M. STANSBERRY, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13 CV 663 CDP |
| | ) | |
| GEORGE LOMBARDI, Director, | ) | |
| Missouri Department of Corrections,[1] | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

Petitioner Jherrit M. Stansberry pled guilty in the Circuit Court of St. Louis City, Missouri, to two counts of first degree assault and two counts of armed criminal action and was sentenced to concurrent terms of imprisonment aggregating twenty years. He brings this habeas action under 28 U.S.C. § 2254 claiming that his guilty plea was involuntary because of ineffective assistance of counsel. Because this claim does not merit granting habeas relief, I will deny the petition for writ of habeas corpus.

---

[1] Petitioner is incarcerated at the Southeast Correctional Center in Charleston, Missouri. The warden position at this facility is currently vacant. See Missouri Dep't of Corr. Warden Listing, http://doc.mo.gov/DAI/Warden_Listing.php (last visited July 28, 2016). Because petitioner is challenging a judgment under which he is currently in custody and not one subjecting him to future custody, the Director of the Missouri Department of Corrections, George Lombardi, is substituted as the proper party respondent in this action. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts, *Advisory Committee Notes*.

## Procedural History

On October 26, 2009, Stansberry pled guilty to two counts of assault first degree and two counts of armed criminal action. He was sentenced on December 18, 2009, to a term of twenty years' imprisonment for the first count of assault and to three fifteen-year terms of imprisonment for the remaining counts, with all sentences to be served concurrently. No appeal was taken. On April 7, 2011, Stansberry filed a motion for post-conviction relief under Missouri Supreme Court Rule 24.035, which was denied on April 11, 2012, without an evidentiary hearing. On December 18, 2012, the Missouri Court of Appeals affirmed the denial of post-conviction relief. *Stansberry v. State*, 388 S.W.3d 601 (Mo. Ct. App. 2012) (order) (per curiam). Stansberry filed this federal habeas action on April 5, 2013.[2]

Stansberry is currently incarcerated at the Southeast Correctional Center in Charlston, Missouri. In this petition, he claims that plea counsel provided ineffective assistance by advising him that the court would impose a sentence within the guidelines, which he understood to be no more than fifteen years. Stansberry claims that he would not have pled guilty and would have insisted on going to trial if he knew that he was facing a longer term of imprisonment. Stansberry raised this claim of ineffective assistance of counsel in his motion for

---

[2] It appears that Stansberry filed his motion for post-conviction relief more than one year after his State court conviction became final, which raises a question as to the timeliness of this federal habeas petition under 28 U.S.C. § 2244(d). Respondent does not raise this issue, however, so I will not address it. Nevertheless, I choose to exercise my discretion to address the merits of what may otherwise be an untimely petition. *Day v. McDonough*, 547 U.S. 198 (2006).

post-conviction relief and on appeal of its denial. Upon consideration of the merits of the claim, the Missouri Court of Appeals denied relief. Stansberry has thus exhausted this claim in State court and I may address it here. 28 U.S.C. 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

## **Legal Standard**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also Williams v. Taylor*, 529 U.S. 362, 379 (2000). A State court's decision is "contrary to" clearly established Federal law when it is opposite to the Supreme Court's conclusion on a question of law or different than the Court's conclusion on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 412-13; *Carter v. Kemna*, 255 F.3d 589, 591 (8th Cir. 2001). A State court's decision is an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's

- 3 -

case." *Williams*, 529 U.S. at 413. Merely erroneous or incorrect application of clearly established Federal law does not suffice to support a grant of habeas relief. Instead, the State court's application of such law must be objectively unreasonable. *Id.* at 409-11; *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011). Finally, when reviewing whether a State court decision involves an "unreasonable determination of the facts" in light of the evidence presented in the State court proceedings, State court findings of basic, primary, or historical facts are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Rice v. Collins*, 546 U.S. 333, 338-39 (2006); *Collier v. Norris*, 485 F.3d 415, 423 (8th Cir. 2007). Erroneous findings of fact do not *ipso facto* ensure the grant of habeas relief. Instead, the determination of such facts must be unreasonable in light of the evidence of record. *Collier*, 485 F.3d at 423; *Weaver v. Bowersox*, 241 F.3d 1024, 1030 (8th Cir. 2001).

The federal court is "bound by the AEDPA to exercise only limited and deferential review of underlying State court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). Therefore, to obtain relief on his habeas claim here, Stansberry must show that the challenged State court ruling "rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Metrish v. Lancaster*, 133 S. Ct. 1781, 1786-87 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). This standard is difficult

to meet. *Id.* at 1786.

## Discussion

At the time Stansberry's conviction became final, the law was clearly established that the Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Supreme Court held that a defendant who pled guilty upon the advice of counsel may challenge the voluntariness of that plea through a claim of ineffective assistance of counsel. *Id.* at 56-57.

To be entitled to habeas relief on his claim, Stansberry must show that his attorney's performance was not within the range of competence demanded of attorneys in criminal cases. *Hill*, 474 U.S. at 56-57. The standard to be applied in assessing counsel's performance is that set out in *Strickland*. *Id.* at 58. Accordingly, Stansberry must demonstrate that: 1) his counsel's performance was deficient, and 2) the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. To establish prejudice in the context of a guilty plea, Stansberry must show a reasonable probability that but for counsel's error, he would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59. Stansberry is entitled to habeas relief only if he can show that the State court's decision was either "contrary to, or involved an unreasonable application of," this clearly

established law. *Williams*, 529 U.S. at 379. For the following reasons, he has failed to do so here.

Stansberry appeared before the trial court on October 26, 2009, withdrew his previous plea of not guilty, and pled guilty to the four offenses with which he was charged. His counsel announced to the court that there was "no offer with the State or counteroffer, so it's going to be a blind plea with you." (Resp. Exh. E, ECF #22-1 at p. 44.)³ The court informed Stansberry of the charges to which he was pleading guilty and that the charges included a Class A felony of assault first degree that carried a sentence of ten to thirty years, or life. (*Id.* at pp. 44-45.) Stansberry stated to the court that he understood. (*Id.*) The court also informed Stansberry that there was no upper range of punishment for the offense of armed criminal action and that, "from a technical standpoint, I could sentence you to 100 years on that[.]" Stansberry again stated to the court that he understood. (*Id.* at p. 47.) Stansberry also stated that no threats or promises had been made to him in exchange for his guilty plea. (Resp. Exh. E, ECF #22-1 at p. 46.)

In a letter sent to Stansberry after the plea proceeding, counsel summarized what had occurred and what Stansberry could expect next. With respect to sentencing, counsel wrote:

> The sentencing guidelines are persuasive and I believe the Judge will

---

³ Although Stansberry contends in his petition that his "plea bargain" called for a certain sentence, the record unequivocally shows that there was no plea agreement in this case.

> follow them. I checked the guidelines and the aggravating factor
> which are the worst sort of factors is 14 years and the presumptive
> which means "normal" time given is 10 years. We are probably
> between both of those meaning between the 10 and 15 years time
> frame of what Judge Neill will do.

(Resp. Exh. E, ECF #22-1 at p. 61.)

On December 18, 2009, the court sentenced Stansberry to twenty years' imprisonment for Class A first degree assault and to concurrent terms of fifteen years' imprisonment on each of the remaining three counts. The court told Stansberry that, while the sentence "may seem extremely heavy" to him, it was not the maximum term of thirty years or life. (Resp. Exh. E, ECF #22-1 at pp. 37-38.) Stansberry stated to the court that his counsel told him prior to the plea that he would not be sentenced outside the guidelines range, to which counsel responded that a guidelines sentence was what he predicted given that the court usually follows the guidelines. (*Id.* at p. 41.) Stansberry bases his claim of ineffective assistance of counsel on this misinformation regarding sentencing.

The Missouri Court of Appeals determined that Stansberry's plea was not rendered involuntary by counsel's mistaken belief that he would receive a lesser sentence than what was actually imposed. (Resp. Exh. 5 at 3-4.) The court noted the record to clearly show that Stansberry was advised of and stated in open court that he understood the potential range of punishment for each crime and unequivocally stated that no threats or promises had been made to induce him to

plead guilty. (*Id.* at 4.) A petitioner's statements made in open court indicating that he understood what he was doing "'carry a strong presumption of verity.'" *Porter v. Lockhart*, 925 F.2d 1107, 1111 (8th Cir. 1991) (quoting *Blackledge v. Allison,* 431 U.S. 63, 74 (1976)).

Stansberry expressly acknowledged in open court that he could receive a sentence of thirty years or life for assault and an even longer sentence for armed criminal action. After being provided with this information, Stansberry proceeded with the plea and expressly pled guilty to each of the four charges. (Resp. Exh. E, ECF #22-1 at p. 47.) By continuing with his plea after expressly acknowledging the potential range of punishment, which included life imprisonment, Stansberry cannot show that he was prejudiced by counsel's mistaken belief that the court would sentence him to a lesser term of imprisonment. *See Premachandra v. United States,* 101 F.3d 68, 69 (8th Cir. 1996) (trial counsel's misinformation that movant would not serve lengthy prison term insufficient to show involuntary guilty plea because, in relevant part, movant expressly acknowledged at plea proceeding the potential sentence he faced); *United States ex rel. Dean v. Wyrick,* 426 F. Supp. 1195, 1201 (E.D. Mo. 1976) (petitioner cannot succeed on claim that counsel promised a lesser sentence where record showed court advised petitioner of the terms of sentence and petitioner stated he understood). *See also United States v. Has No Horses,* 261 F.3d 744, 749 (8th Cir. 2001). Because Stansberry cannot

show prejudice on account of counsel's error, he has failed to establish that ineffective assistance of counsel rendered his guilty plea involuntary.

The Missouri Court of Appeals' determination that counsel's prediction of a lesser sentence did not render Stansberry's plea involuntary was not contrary to nor an unreasonable application of Supreme Court precedent. Nor has Stansberry demonstrated that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Accordingly, Stansberry's claim that ineffective assistance of counsel rendered his guilty plea involuntary is denied.

## Certificate of Appealability

A district court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve additional proceedings. *Cox v. Norris,* 133 F.3d 565, 569 (8th Cir. 1997). No reasonable jurists could differ on Stansberry's claim of ineffective assistance of counsel. Therefore, I will not issue a certificate of appealability on the claim.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Jherrit M. Stansberry for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied.

Because Stansberry has failed to make a substantial showing that he has been denied a constitutional right,

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue in this case.

A separate Judgment is entered this same date in accordance with this Memorandum and Order.

                                                 _____
                                                 CATHERINE D. PERRY
                                                 UNITED STATES DISTRICT JUDGE

Dated this 2nd day of August, 2016.